UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **ANDRE F. RUFFIN, et al.** | ) |
| | )    **Case No. 3:14-cv-00216** |
|       **Plaintiffs,** | ) |
| | ) |
| **v.** | )    **JUDGE THOMAS M. ROSE** |
| | ) |
| **E.C.I., INC.** | ) |
| | ) |
|       **Defendant.** | ) |
| | ) |

**STIPULATED QUALIFIED PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and the Health Insurance Portability and Accountability Act (HIPAA) along with its implementing regulations, specifically 45 C.F.R. § 164.512(e)(1), the Court finds good cause for the issuance of a qualified protective order and ORDERS as follows**:**

    1.    The parties and their attorneys represent that information containing "protected health information" of individuals who are not parties to this litigation may be relevant to the claims or defenses asserted in this case.  The parties and their attorneys are hereby authorized to receive, subpoena and transmit "protected health information" pertaining to residents of the Walford (Philly), Trotwood and Liberty Houses (herein the "Residents") to the extent and subject to the conditions outlined herein.

    2.    For the purposes of this qualified protective order, "protected health information" shall have the same scope and definition as set forth in 45 C.F.R. § 160.103. Protected health information includes, but is not limited to, health information, including demographic information, relating to either (a) the past, present, or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the

individual that is (a) transmitted by electronic media, (b) maintained in electronic media, or (c) transmitted or maintained in any form or medium, excluding health information described in 45 C.F.R. 164.103 *Protected health information* (2)(i)-(iv).

3. All "covered entities" (as defined by 45 C.F.R. § 160.103), including Defendant E.C.I., Inc., are hereby authorized to disclose protected health information pertaining to the Residents, subject to the minimum necessary standard described in 45 C.F.R. 164.502(b), to attorneys representing the Plaintiffs and Defendant in the above-captioned litigation.

4. The parties and their attorneys shall be permitted to use or disclose the protected health information of the Residents for purposes of prosecuting or defending this action including in any appeals of this case. This includes, but is not necessarily limited to, disclosure to their attorneys, experts, consultants, court personnel, court reporters, copy services, trial consultants, and other entities or persons involved in the litigation process.

5. Prior to disclosing the Residents' protected health information to persons involved in this litigation, counsel shall inform each such person that the Residents' protected health information may not be used or disclosed for any purpose other than this litigation. Counsel shall take all other reasonable steps to ensure that persons receiving the Residents' protected health information do not use or disclose such information for any purpose other than this litigation.

6. Documents constituting or containing protected health information shall be designated by placing the legend "CONFIDENTIAL – PROTECTED HEALTH INFORMATION" on each page of the Document prior to production of the document.  Other records and items shall be prominently marked in a reasonably equivalent way.  Designated material not reduced to documentary, tangible or physical form or which cannot be conveniently

designated in the manner set forth herein shall be designated by the producing party by informing the receiving party in writing. If the protected health information is contained in deposition, trial, hearing, or other testimony, any such transcript of testimony may be designated as containing protected health information in accordance with this Order by so notifying all other parties on the record, at the time the testimony is taken, or by notifying all other parties in writing within thirty (30) days of receipt of the transcript, of the specific pages and line numbers of the transcript containing protected health information. Only such designated pages and line numbers shall be considered protected health information under this Order.

7. Inadvertent failure to designate any information as protected health information pursuant to this Order shall not constitute a waiver of any otherwise valid claim for protection, so long as the designation is asserted after discovering the inadvertent failure to so designate. In the event of such assertion, arrangements shall be made to allow the disclosing party to appropriately label the information in accordance with this Order. The recipient shall have no liability, under this Order or otherwise, for any disclosure of information contained in unlabeled documents or things occurring before the recipient was placed on notice of the party's designation.

8. Within 45 days after the conclusion of the litigation, including appeals, the parties, their attorneys, and any person or entity in possession of protected health information received from counsel pursuant to paragraph four of this Order, shall destroy any and all copies of the Residents' protected health information, except that counsel are not required to secure the return or destruction of protected health information submitted to the court.

9. This Order does not control or limit the use of protected health information pertaining to the Residents that comes into the possession of the parties or their attorneys from a source other than a "covered entity," as that term is defined in 45 C.F.R. § 160.103.

10. Nothing in this Order authorizes counsel to obtain medical records or information through means other than formal discovery requests, subpoenas, depositions, pursuant to a patient authorization, or other lawful process.

11. This Order does not supersede the Stipulated Confidentiality and Protective Order entered on October 31, 2014 (Doc. #19), however, to the extent that there is a conflict between this Order and the Stipulated Confidentiality and Protective Order with respect to protected health information, this Order controls.

12. This Order does not authorize either party to seal court filings or court proceedings. The Court will make a good cause determination for filing under seal if and when the parties seek to file the Residents' protected health information under seal.

SO ORDERED.

Signed on this the 28th day of January, 2015.

*/Thomas M. Rose

_____
UNITED STATES DISTRICT JUDGE
Judge Thomas M. Rose

| **WE SO MOVE/STIPULATE and agree to abide by the terms of this Order** | **WE SO MOVE/STIPULATE and agree to abide by the terms of this Order** |
|---|---|
| */s/ Tara A. Aschenbrand*<br>Tara A. Aschenbrand (0075090)<br>Meghan E. Hill (0078183)<br>SQUIRE PATTON BOGGS (US) LLP | */s/ Robert E. DeRose (w/ perm. 1/23/15)*<br>Robert E. DeRose<br>Robi J. Baishnab<br>Trent R. Taylor |

| | |
|---|---|
| 2000 Huntington Center<br>41 South High Street<br>Columbus, OH 43215<br>Telephone: :+1.614.365.2700<br>Fax: +1.614.365.2499<br>tara.aschenbrand@squirepb.com<br>meghan.hill@squirepb.com<br><br>*Counsel for Defendant E.C.I. Inc.*<br><br>Dated: January 27, 2015 | Barkan Meizlish Handelman<br>Goodin DeRose Wentz, LLP<br>250 E. Broad Street, 10th Floor<br>Columbus, Ohio 43215<br><br>Brett R. Bissonnette<br>Hochman & Plunkett<br>3033 Kettering Blvd. Suite 201<br>Kettering, Ohio 45439<br><br>*Counsel for Plaintiffs*<br><br>Dated: January 27, 2015 |